UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA PEREZ,<br><br>         Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>         Defendants. | Case No.: 21-cv-01977-JLS-MDD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF No. 3]** |

  Presently before the Court is Plaintiff Maria Perez's Emergency *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction ("*Ex Parte* Motion" or "Motion") (ECF No. 3). Plaintiff seeks a Court order restraining Defendants from instituting eviction proceedings or foreclosing on her property located at 752 Encanto Drive, Calexico, California, 92231. (ECF No. 3-1 at 9.) For the reasons set forth below, the Court **DENIES** Plaintiff's *Ex Parte* Motion without prejudice.

## LEGAL STANDARD

  Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the

moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Generally, a TRO is considered to be "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

When the moving party has not provided notice of its request for a TRO to the adverse party, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a TRO.

> The court may issue a [TRO] without written or oral notice to the adverse party or its attorney ***only if***: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). "The stringent restrictions imposed . . . by Rule 65[ ] on the availability of *ex parte* [TROs] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted). Accordingly, "courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "For example, an *ex parte* TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in

time for a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

This District has additional requirements that parties must meet to demonstrate they are entitled to *ex parte* relief. Under Civil Local Rule 83.3:

> [a] motion for an order must not be made *ex parte* unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

CivLR 83.3(g)(2).

## DISCUSSION

In her *Ex Parte* Motion, Plaintiff argues that "[i]mmediate injunctive relief is imperative in this case, because without an order from this Court, Defendants will be permitted to complete [their] intended foreclosure of [her] property." (ECF No. 3-1 at 2.) Plaintiff's Verified Complaint, dated and filed November 22, 2021, alleges that she received a Notice of Trustee Sale "in the middle of September"[1] informing her that her property would be foreclosed upon but is silent as to the date of the foreclosure sale. (ECF No. 1 ¶ 28.) The Notice of Trustee Sale, which Plaintiff attached to her Motion as Exhibit 14, reveals that the foreclosure sale was originally scheduled to occur more than a month ago on October 21, 2021. (ECF No. 3-4 at 14.) However, on November 23, 2021, Plaintiff

---

[1] The Notice of Trustee Sale is dated September 20, 2021. (ECF No. 3-4 at 14.)

filed a supplemental declaration from her attorney and attached thereto a Notice of Postponement of Trustee's Sale ("Notice of Postponement") dated October 21, 2021. (ECF No. 4 at 3.) Per the Notice of Postponement, the October 21, 2021 foreclosure sale was continued to November 24, 2021. (*Id.*)

It is unclear to the Court why Plaintiff failed to include the postponed date of the foreclosure sale in the Verified Complaint and the instant Motion when she has known about the date since at least October 21, 2021, the date of the Notice of Postponement. Nevertheless, given that Plaintiff has set forth in a declaration that the foreclosure sale is currently scheduled for November 24, 2021, the Court finds that Plaintiff has met the first requirement for a TRO without notice by averring immediate and irreparable injury. Fed. R. Civ. P. 65(b)(1)(A). However, Plaintiff's *Ex Parte* Motion fails to comply with the notice requirements of Federal Rule of Civil Procedure 65(b)(1)(B) and Civil Local Rule 83.3(g)(2). There is no declaration accompanying Plaintiff's Motion that certifies Plaintiff's efforts to give notice to any Defendant or provides reasons why notice should not be required. Additionally, Plaintiff has not demonstrated or argued that notice to Defendants is impossible or would render further prosecution of the action fruitless. *See Reno Air Racing*, 452 F.3d at 1131. Accordingly, the Court **DENIES** Plaintiff's request for a TRO without prejudice for failure to comply with Rule 65(b)(1)(B) and Civil Local Rule 83.3(g)(2).

Additionally, in her *Ex Parte* Motion, Plaintiff requests that the Court issue an order to show cause as to why a preliminary injunction should not issue enjoining Defendants from engaging in or performing any act to deprive Plaintiff of her property. (*See* ECF No. 3-1 at 9.) Given that Federal Rule of Civil Procedure 65(a)(1) prohibits a court from issuing a preliminary injunction without notice to the adverse party, the Court finds Plaintiff's request for an order to show cause premature and **DENIES** it without prejudice.

///
///
///

4

21-cv-01977-JLS-MDD

**CONCLUSION**

For the reasons stated, Plaintiff's *Ex Parte* Motion (ECF No. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: November 24, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge