# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA PEREZ,<br><br>                     Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., *et al*.,<br><br>                     Defendants. | Case No. 21-cv-01977-BAS-AHG<br><br>**ORDER DISMISSING DEFENDANTS SHELLPOINT MORTGAGE AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND OBEY COURT ORDERS** |

On May 19, 2022, the Court set a hearing and issued a tentative order to address Plaintiff's failure to prosecute her case against Defendants Ocwen Loan Servicing ("Ocwen"), Shellpoint Mortgage ("Shellpoint"), and Mortgage Electronic Registration System ("MERS"). (ECF No. 22.) On June 6, 2022, the Court held the hearing and counsel for all parties appeared, except for Defendants Shellpoint Mortgage and MERS. Consistent with its ruling at the hearing, the Court now adopts portions of its tentative order (ECF No. 22) as modified and set forth below.[1]

On two occasions this Court has ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute as to certain Defendants.[2] (OSC 1, ECF No. 17; OSC 2, ECF No. 19.) In each OSC, the Court ordered Plaintiff to file proofs of service on

---

[1] Ocwen filed a Motion to Dismiss on June 1, 2022 (ECF No. 23) and requested at the hearing that the Court resolve its motion. Thus, the Court does not adopt its tentative with respect to Ocwen.

[2] These Defendants are ZBS Law, LLP; Statebridge Company, LLC; Wilmington Savings Fund Society, FSB; MERS; Shellpoint; and Ocwen.

– 1 –

the docket in accordance with the Federal Rules of Civil Procedure (the "Rules").  (*Id*.) *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court . . . by the server's affidavit.").  Instead of complying with this Court's orders and the Rules, Plaintiff filed two declarations from her counsel, Mr. Aldana, neither of which constitute a sufficient showing of cause. (*See, e.g.*, OSC 1 ("Plaintiff may adequately show cause by filing a proof of service showing that the Defendants have been served with the summons and complaint[.]").)  Despite Plaintiff's failure to prove service, at the time of this Order, six Defendants have responded to the Complaint and are therefore not at issue.[3]

Not only has Plaintiff failed to file proofs of service, but she also failed to prosecute her case by declining to move for entry of default against the Defendants who have not responded to her Complaint.  In OSC 2, this Court ordered that "[o]n or before May 11, 2022, if the case has not resolved by settlement, Plaintiff is ordered to show cause by filing proofs of service *and* moving for entry of default against any defendant who has not timely filed a responsive pleading or motion." (OSC 2.)  The Court named the six Defendants that had not yet responded to the Complaint and warned Plaintiff that "failure to comply with this Order *will result in dismissal* of the case against any Defendant who has not been timely served, or for whom default has not been requested." (*Id*.)  Thus, the Court finds that dismissal of Defendants Shellpoint and MERS is warranted. Although neither Defendant responded to the Complaint, Plaintiff failed to prosecute in violation of multiple court orders.  First, she failed to file proofs of service and then she failed to move for entries of default. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

---

[3] These Defendants are Bank of America, N.A. ("BANA"); America's Wholesale Lender ("AWL"); ZBS Law, LLP; Statebridge Company, LLC; Wilmington Savings Fund Society, FSB; and Ocwen.  Prior to the Court's OSCs, Defendants BANA and AWL had filed a timely Motion to Dismiss (ECF No. 8), which this Court will resolve in a separate order.  As mentioned above, Defendant Ocwen filed a Motion to Dismiss on June 1, 2022 and requested at the hearing that this Court resolve its motion. The other three Defendants recently answered the Complaint. (ECF No. 20.)

The Court therefore **ORDERS** that Defendants Shellpoint and MERS be **DISMISSED WITH PREJUDICE.**[4]

**IT IS SO ORDERED.**

**DATED: June 7, 2022**

Hon. Cynthia Bashant
United States District Judge

---

[4] On June 7, 2022, Plaintiff filed a notice of voluntary dismissal with prejudice for Defendant Shellpoint. (ECF No. 21.) Plaintiff also did not object to Defendant MERS being dismissed with prejudice. Accordingly, the Court finds that dismissal with prejudice is appropriate.