**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA PEREZ,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 21-cv-01977-BAS-AHG<br><br>**ORDER GRANTING:**<br><br>**(1) DEFENDANTS BANK OF AMERICA, N.A. AND COUNTRYWIDE HOME LOANS INC.'S MOTION TO DISMISS (ECF No. 8); AND**<br><br>**(2) DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS (ECF No. 23)** |

　　　　Defendants Bank of America, N.A. ("BofA") and Countrywide Home Loans, Inc. ("AWL")[1] moved to dismiss Plaintiff Maria Perez's complaint (Compl., ECF No. 1) for claims arising out of her home financing. (BofA's Mot., ECF No. 8.)  Due to issues with service of process, Defendant Ocwen Loan Servicing, LLC ("Ocwen") later moved to dismiss the complaint on substantially similar grounds.  (Ocwen's Mot., ECF No. 23.) Plaintiff opposes both motions (Pl.'s Opp'n BofA's Mot, ECF No. 11; Pl.'s Opp'n Ocwen's Mot., ECF No. 28), and Defendants reply (BofA's Reply, ECF No. 12; Ocwen's Reply, ECF No 29).  Finding these motions suitable for determination on the merits submitted and without oral argument, *see* Civ. LR 7.1(d)(1), and for the reasons set forth

---

[1] Countrywide Home Loans, Inc. previously did business as America's Wholesale Lender. (Compl. ¶ 39; Ex. 2 to BofA's RJN, ECF No. 8-2.)  Because Plaintiff's complaint uses the abbreviation AWL to refer to this Defendant, the Court does so as well for ease of reference.

– 1 –

below, the Court **GRANTS** both motions and **DISMISSES** Plaintiff's claims as to Defendants BofA, AWL, and Ocwen.[2]

## I. BACKGROUND

Plaintiff owns a home located in Calexico, California. (Compl. ¶ 1.) In connection with her home purchase, Defendant AWL issued Plaintiff two loans encumbered by two deeds of trust. (*Id.* ¶ 3.) The first deed of trust ("First Deed") was for $204,000.00 (First Deed, Ex. 1[3]), and the second deed of trust ("Second Deed") was for $51,000.00 (Compl. ¶ 7; Second Deed, Ex. 3). Both deeds were recorded on February 28, 2007 and identify their lender as AWL,[4] a New York corporation, and their trustees as ReconTrust Company, N.A. ("ReconTrust") and Mortgage Electronic Registration System ("MERS"). (First Deed; Second Deed.) Plaintiff alleges that "somehow Defendant [BofA] became the owner of her two loans and the chain of title is unclear," and also that BofA acquired Countrywide Home Loans, Inc. and that Countrywide Home Loans, Inc. "claims to somehow own AWL." (Compl. ¶ 10.)

In January 2009, Plaintiff stopped making monthly payments on the Second Deed, and in March 2009, she stopped making payments on the First Deed. (*Id.* ¶ 12.) Nearly two years later, in December 2011, Plaintiff filed for bankruptcy in the Southern District of California. (*Id.* ¶ 13.) After her bankruptcy proceedings ended, BofA allegedly transferred both of Plaintiff's loans to Ocwen. (*Id.* ¶ 21.) Plaintiff pleads that BofA was fully aware that Plaintiff had two deeds of trust encumbering her home as both deeds of

---

[2] Defendants submitted requests for judicial notice of documents in support of both motions to dismiss. (ECF Nos. 8-2; 23-1.) The Court **GRANTS IN PART** Defendants' request for judicial notice (ECF No. 8-2) as to Exhibit 2, a Fictitious Business Name Statement Renewal for AWL recorded in Calabasas, CA. The Court **DENIES AS MOOT** the remaining requests for judicial notice (ECF Nos. 8-2; 23-1) because the Court did not rely on the documents therein in resolving the pending motions to dismiss.

[3] Unless otherwise specified, the exhibits cited herein were incorporated by reference in the complaint, and were filed concurrently by Plaintiff as attachments to her Ex Parte Application for Temporary Restraining Order (ECF No. 3).

[4] According to Plaintiff, AWL is not—and has never been—a registered corporation in New York or elsewhere. (Compl. ¶ 6.) Plaintiff alleges that because Defendant AWL never registered itself as a corporation, the First and Second Deeds are "void *ab initio* because AWL never legally existed and does not exist to this day as an entity." (*Id.* ¶ 35.)

trust were issued by AWL, which is somehow owned by BofA. (*Id*. ¶ 19.) Plaintiff claims that in June of 2013, Ocwen modified both of her loans and told Plaintiff that she now had a single loan, for the current market value of her home, $59,500.00. (*Id*. ¶ 22; *see* Ex. 9.) Ocwen allegedly represented to Plaintiff that BofA owned her Second Deed of Trust and that it had been written off, and that she no longer had to pay it. (Compl. ¶ 22.) For ten years, Plaintiff made payments consistent with the single modified loan. (*Id*. ¶ 24.)

Then, in August 2021, Plaintiff received a letter from Statebridge Company, LLC ("Statebridge") claiming that the loan relating to the Second Deed would mature on March 2022, and become due and payable at that time. (*Id*. ¶ 25, *see* Ex. 13.) "Alarmed, stressed, shocked, and incredulous," Plaintiff called Shellpoint, the current servicer of her modified loan who assured Plaintiff there was no second loan on her home. (Compl. ¶ 26.) Plaintiff also called Statebridge, but the representative could not tell her who owns the loan, or how that entity acquired it. (*Id*.) In June 2021, the Wilmington Savings Fund Society, FSB ("WSFS") recorded a Notice of Default as to Plaintiff's Second Deed. (*Id*. ¶ 27; *see* Ex. 10.)  In September 2021, Plaintiff received a Notice of Trustee sale indicating intended foreclosure proceedings as to the Second Deed. (Compl. ¶ 28.)

Plaintiff alleges that Ocwen was the loan servicer "on behalf of the owner of the First and Second [Deeds], BofA," and that had she known the Second Deed was not part of her loan modification—as she was told by Ocwen—she would have done something to protect her interests. (*Id*. ¶ 33.) Plaintiff alleges that she did not receive a mortgage statement on the Second Deed for ten years, which confirmed her belief that the loan on the Second Deed was terminated, causing her to sit on her rights. (*Id*. ¶ 51.)

### A. Records of Plaintiff's Deeds of Trust

Plaintiff alleges that Defendant BofA filed a proof of claim on both deeds of trust in her bankruptcy proceedings in December 2011, and she incorporated by reference the filings in her complaint. (*Id*. ¶¶ 17–18; *see* Exs. 7, 8.) The filings show that "Bank of America, N.A." (Defendant BofA) filed a proof of claim as to the First Deed (Ex. 7), but

...

an entity called Real Time Resolutions, as agent for "BAC f/k/a Countrywide" filed the proof of claim as to the Second Deed (Ex. 8).  BAC f/k/a Countrywide merged into Defendant BofA in June of 2011, prior to the bankruptcy proceedings.  (Ex. 7.)

While Plaintiff's documents support her assertion that BofA became the owner of the First Deed prior to the loan modification by Ocwen in 2013, the documents are less clear with respect to ownership of the Second Deed. (Compl. ¶ 10.)  The public records show that BAC f/k/a Countrywide—which later merged with BofA—was assigned the beneficial interest in the First Deed in May of 2010 (Ex. 7), but there is no similar assignment of the Second Deed.  Although the proof of claim in Plaintiff's bankruptcy was filed on behalf of BAC f/k/a Countrywide, there is no record of an assignment to that entity.  And instead, there is a public record of an assignment of the Second Deed years later in 2020 from its initial lender, AWL, and owners, MERS and ReconTrust, to Wilmington Savings Fund Society, FSB, as trustee of BCMB1 Trust.  (Ex. 15.)  Thus, the records suggest—contrary to Plaintiff's allegations—that MERS and ReconTrust, rather than BofA, owned the Second Deed at the time she received the offer from Ocwen in 2013 to modify what she allegedly understood to be both of her loans.[5]

### B. Procedural History

Plaintiff sued Defendants AWL, BofA, Ocwen, Shellpoint, MERS, Statebridge, WSFS, and ZBS Law, LLP, asserting nine claims for violation of state and federal laws. (*See generally* Compl.)  The Court dismissed Defendants Shellpoint and MERS after Plaintiff failed to obey court orders and prosecute her case against them.  (ECF No. 27.) Defendants Statebridge, WSFS, and ZBS Law answered the complaint.  (ECF No. 20.)

---

[5] Plaintiff pleads that the assignment of the Second Deed is void because AWL is not a corporation, and because "Plaintiff believes" that MERS did not assign it. (Compl. ¶¶ 29, 53, 59–60.) On a motion to dismiss, however the Court is not compelled to accept the legal conclusion that an instrument is void. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Here, a recorded instrument— incorporated by reference into the complaint—indicates that the Second Deed was assigned to WSFS in 2020, and Plaintiff has not pled any facts that plausibly cast doubt on this public record. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (holding that the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

Defendants AWL, BofA, and Ocwen moved to dismiss Plaintiff's claims for: (1) fraud; (2) negligence; (3) negligent infliction of emotional distress; (4) breach of contract; (5) violation of the Real Estate Settlement Procedures Act ("RESPA"); (6) violation of the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (7) violation of California Business and Professions Code § 17200 ("UCL"); and (8) quiet title.[6] (BofA's Mot.; Ocwen's Mot.)

## II.     LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true and must construe them and draw all reasonable inferences therefrom in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of a cause of action's elements will not do." *Id.* at 545.

Generally, "when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, a court may also "consider certain

---

[6] Plaintiff's RESPA claim is alleged against BofA and Ocwen, but not AWL (Compl. ¶¶ 95–104), while her FDCPA and RFDCPA claims are alleged against AWL and BofA, but not Ocwen (*id.* ¶¶ 105–09). Additionally, Plaintiff's complaint asserts a claim under California's Homeowner's Bill of Rights, but not against Defendants Ocwen, BofA, or AWL.

– 5 –

21cv1977

materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. ANALYSIS

#### A. Fraud Against BofA, Ocwen, and AWL

In California, the elements necessary to establish fraud are (1) a misrepresentation of a material fact (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 259 (2011). Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) applies to state-law fraud causes of action brought in federal court. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Rule 9(b) "demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations and alterations omitted) (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Where multiple defendants are alleged to have engaged in a fraudulent scheme, the complaint need not identify false statements "made by each and every defendant." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). However, the complaint cannot "merely lump multiple defendants together." *Id*. Rather, the plaintiff must "differentiate [her] allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. at 764–65 (internal quotations and alterations omitted) (quoting *Haskin v. R.J. Reynolds*

*Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). Thus, where fraud allegations against a defendant depend upon an alter-ego theory or agency relationship, the plaintiff must plead with particularity the facts establishing that relationship. *See RPost Holdings, Inc. v. Trustifi Corp.*, No. CV 11-2118 PSG SHX, 2011 WL 4802372, at *4 (C.D. Cal. Oct. 11, 2011) (holding that facts supporting alleged agency must be pled with particularity where fraud allegations against defendant hinge on agency relationship).

### 1. BofA and Ocwen

Plaintiff's fraud claims against BofA and Ocwen are based on Ocwen's allegedly false representation that Plaintiff's loan modification encompassed both of her loans, when instead, it modified only the loan secured by the First Deed. (Compl. ¶¶ 22, 33.)

Plaintiff's allegations are insufficient to establish fraud because she did not identify the purported Ocwen employee who made the representation or that person's authority to speak. *See Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1123, 1134 (S.D. Cal. Apr. 25, 2014) (reasoning that "merely attributing misrepresentation to a corporate entity is inadequate; a specific person must be named, or at least identified").

Additionally, Plaintiff fails to adequately allege that she justifiably relied on the representation that her Second Deed would be forgiven. *See Reeder v. Specialized Loan Servicing LLC*, 52 Cal. App. 5th 795, 804 (2020) (affirming demurrer based on a lack of justifiable reliance). Under California law an agreement to modify or forgive a secured loan must be in a signed writing. Cal. Civ. Code § 1624. Plaintiff's allegations fail to demonstrate that her reliance on Ocwen's oral representation was justifiable, despite that it needed to be in writing to have effect. *See Diep v. Wells Fargo Bank NA*, No. CV 11-4447-VBF(CWX), 2011 WL 13220472, at *2 (C.D. Cal. Aug. 15, 2011) (dismissing fraud claim in part because "any such representations would necessarily have to be in writing, as an oral modification agreement would be barred under the statute of frauds"). Absent facts to suggest justifiable reliance, Plaintiff's fraud claim against Ocwen fails.

With respect to BofA, Plaintiff does not allege independent fraudulent conduct, rather her claim against BofA depends on her legal conclusion that Ocwen acted as

BofA's agent. (Compl. ¶¶ 47, 51.) Plaintiff offers no facts to support her contention that an agency relationship exists between BofA and Ocwen, yet she attributes the misrepresentation about the Second Deed by Ocwen to BofA and uses the entities interchangeably. (*See, e.g.*, Compl. ¶ 57 ("This representation *by* BofA . . . that the loans on her home were modified. . . .") (emphasis added).) Since Plaintiff's claim against BofA is based on her claim against Ocwen and her claim fails as to Ocwen, it similarly fails as to BofA.

Thus, the Court **DISMISSES** Plaintiff's fraud claim as to Defendants Ocwen and BofA for failure to state a claim.

### 2. AWL

Plaintiff's briefing asserts that AWL's misrepresentation of itself as a New York Corporation in the First and Second Deeds constitutes "fraud in itself" and renders the deeds void. (Pl.'s Opp'n BofA Mot. at 3–4.) The assertion that Plaintiff's loans are void because AWL never legally existed is untenable, however, since she received loan funds from AWL and was able to purchase a home and reside there for over ten years. (Compl. ¶¶ 2–3.)

Additionally, Plaintiff does not plead with particularity any of the essential elements of her fraud claim against AWL. *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009) (dismissing fraud claim where a borrower failed to satisfy the heightened pleading requirements of Rule 9(b)). For example, Plaintiff did not allege that she relied on AWL's representation that it was a New York corporation in any meaningful way, nor that she suffered harm because of the alleged misrepresentation. Additionally, the complaint does not demonstrate that AWL's status as a corporation versus a d/b/a of a corporation was material to Plaintiff or was intended to induce Plaintiff to accept loans from AWL that she otherwise would not have taken on. *See Collins*, 202 Cal. App. 4th at 259 (stating that elements necessary to establish fraud include misrepresentation of a material fact and intent to induce reliance). Thus, the Court **DISMISSES** Plaintiff's claim of fraud as to Defendant AWL for failure to state a claim.

### B. Negligence Against BofA, Ocwen, and AWL

To state a claim for negligence under California law, a plaintiff must allege (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). Whether a duty of care exists is a question of law to be determined on a case-by-case basis. *Id*.

Plaintiff alleges that both Ocwen and BofA engaged in negligent loan processing. (Compl. ¶ 68.) In particular, she pleads that Defendants owed her a duty to exercise reasonable care in processing and reviewing her loan modification, including ensuring that her loan modification encompassed the First and Second Deeds and that the Second Deed was written off and not assigned to WSFS. (*Id*. ¶ 69.) Relying on several California Court of Appeal cases, Plaintiff argues that a duty of reasonable care exists in processing a loan modification application when a lender has voluntarily undertaken to renegotiate the loan modification. (Pl.'s Opp'n BofA Mot. 4 (citing *Weimer v. Nationstar Mortg., LLC*, 47 Cal. App. 5th 341 (2020); *Rossetta v. CitiMortgage, Inc.*, 18 Cal. App. 5th 628 (2017); *Alvarez v. BAC Home Loans Servicing*, L.P., 228 Cal. App. 4th 941 (2014)).)

The California Supreme Court, however, expressly disapproved of each of these cases in *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 948 n.12 (2022). In *Sheen*, the Supreme Court declined "to create a judicial rule imposing a duty on lenders to exercise due care in processing, reviewing, and responding to loan modification applications" and held that "a lender owes no tort duty sounding in general negligence principles to 'process, review, and respond carefully and completely to' the borrower's application." *Id*. at 948. Since Plaintiff has failed to allege that Defendants breached a duty of care that is cognizable under California law, her negligence claim fails.

Thus, the Court **DISMISSES** Plaintiff's negligence claim as to Defendants Ocwen and BofA. Although asserted against Defendant AWL, Plaintiff's claim for negligence does not mention AWL, nor allege any negligent conduct by AWL. (Compl. ¶¶ 67–73.) As such, the Court **DISMISSES** this claim against AWL as well.

### C. Negligent Infliction of Emotional Distress Against BofA, Ocwen, and AWL

The Court similarly **DISMISSES** Plaintiff's claim for negligent infliction of emotional distress against Ocwen, BofA, and AWL because Plaintiff's negligence claim fails, and California law does not recognize an independent tort of negligent infliction of emotional distress. *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 818 (2006); *see also Belen v. Ryan Seacrest Prods., LLC*, 65 Cal. App. 5th 1145, 1165–66 (2021) (striking cause of action for negligent infliction of emotional distress from complaint since no such independent tort exists).

### D. Breach of Contract Against BofA and Ocwen

To state a claim for breach of contract under California law, a plaintiff "must plead and prove (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages[.]" *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009). Plaintiff claims that BofA breached the promise made by Ocwen to forgive the Second Deed when BofA assigned the Second Deed to WSFS. (Compl. ¶¶ 89–91.) There are several problems with Plaintiff's theory.

First, Ocwen's alleged promise to forgive the Second Deed is unenforceable since it was not in writing. *See Basham v. Pac. Funding Grp.*, No. 2:10-CV-96 WBS GGH, 2010 WL 2902368, at *6 (E.D. Cal. July 22, 2010). Plaintiff does not allege that Ocwen provided her with a writing confirming that the Second Deed was forgiven. In the case of an oral loan modification agreement, "[a]bsent a writing, there can be no contract, much less a breach of contract." *Id.*; *see also Justo v. Indymac Bancorp*, No. 9–1116, 2010 WL 623715, at *7 (C.D. Cal. Feb. 19, 2010) (dismissing with prejudice a claim that defendant breached an oral contract to modify plaintiff's loan and prevent foreclosure proceedings). Thus, Plaintiff's breach of contract claim fails since Ocwen's alleged promise to forgive the Second Deed is unenforceable.

Second, Plaintiff's allegations that Defendant BofA assigned the Second Deed to WSFS are belied by the public records Plaintiff attached to the complaint. (*See* Ex. 7, 8,

15.) The records provide that ReconTrust and MERS owned the Second Deed at the time of Ocwen's loan modification and that these entities assigned the Second Deed to WSFS in 2020. (Ex. 15.) Thus, Plaintiff's theory that BofA breached a contract by failing to recognize that the Second Deed had been written off by Ocwen and instead assigning it to WSFS is implausible. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (holding that the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

Thus, the Court **DISMISSES** Plaintiff's breach of contract claims against BofA and Ocwen for failure to state a claim.

### E. Violation of RESPA Against BofA and Ocwen

Plaintiff attempts to state claims under RESPA against Defendants Ocwen and BofA. (Compl. ¶¶ 95–104.) Her claims fail, however, because she does not identify any provision of RESPA that BofA or Ocwen plausibly violated. Her claims are once again based on the alleged representation by Ocwen that her loan modification would include the Second Deed. (*Id.* ¶ 98.) However, Plaintiff fails to allege how or why Ocwen's failure to include the Second Deed in the loan modification constitutes a violation of RESPA by Ocwen, let alone BofA.

Instead, Plaintiff pleads that "the [non-moving] Defendants who want to foreclose on Plaintiff's home state that she owes more monies than were revealed by Ocwen, AWL, and BofA when Plaintiff got her loan modification." (*Id.* ¶ 99.) She claims that "under Regulation X § 1204.17(g) an escrow account cannot be started unless a 12-month projection of payments is provided to Plaintiff," but that she was never provided with the requisite "Annual Escrow Statement." (*Id.* ¶¶ 100–01.)

Plaintiff's complaint lacks the basic facts necessary to state a claim against BofA or Ocwen under the cited regulation. For instance, Plaintiff does not identify what escrow account was started without a 12-month projection of payments or which defendants failed to provide her with the requisite statement. Plaintiff's RESPA claims against Ocwen and BofA are not plausible on the facts she pleads. Therefore, the Court

**DISMISSES** these claims.

### F. Violation of FDCPA and RFDCPA Against BofA and AWL

Plaintiff also brings claims against Defendants BofA and AWL for violation of FDCPA and California's analogous statute RFDCPA. To be liable for a violation of FDCPA or RFDCPA, the defendant must—as a threshold requirement—be a "debt collector" within the meaning of the Acts. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); Cal. Civ. Code § 1788.2(c). While Plaintiff does not allege Defendants violated any specific provision of RFDCPA, she claims Defendants BofA and AWL violated these FDCPA provisions: (1) 15 U.S.C. § 1692e, which prohibits a debt collector from using false, deceptive, or misleading representations in connection with the collection of a debt; and (2) 15 U.S.C. § 1692d, which prohibits a debt collector from engaging in harassment, oppression, or abuse in connection with the collection of a debt. (Compl. ¶ 108.) Plaintiff pleads specifically that "the debt Defendants want to collect is the Second Deed." (*Id.* ¶ 107.)

Plaintiff's claims fail because she does not plausibly plead, beyond a conclusory allegation, that Defendants are "debt collectors" within the meaning of FDCPA and RFDCPA. *See Ines v. Countrywide Home Loans, Inc.*, No. 08CV1267 WQH (NLS), 2009 WL 690108, at *4 (S.D. Cal. Mar. 12, 2009) (finding a conclusory allegation that Defendant was a debt collector to be insufficient under FDCPA and RFDCPA and dismissing claims as a result). Moreover, despite identifying the Second Deed as the debt being wrongfully collected in violation of FDCPA and RFDCPA (Compl. ¶ 107), Plaintiff does not allege that BofA or AWL attempted to collect on the Second Deed, let alone that either did so in a deceptive or harassing manner. Rather, Plaintiff alleges that Defendants Statebridge and WSFS initiated proceedings to collect on the Second Deed. (*Id.* ¶¶ 25–29.) The Court finds, therefore, that Plaintiff's FDCPA and RFDCPA claims fail against Defendants BofA and AWL and **DISMISSES** the claims.

### G. Violation of UCL Against BofA, Ocwen, and AWL

Plaintiff's claim for violation of California Business and Professions Code § 17200 ("UCL") fails because it is predicated on claims the Court has already deemed implausible. California's UCL "does not proscribe specific practices"; rather, "it defines 'unfair competition' to include 'any unlawful, unfair or fraudulent business act or practice.'" *Cel–Tech Commc'ns, Inc. v. LA Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Although UCL's coverage is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law," the breadth of § 17200 does not give a plaintiff license to "plead around" the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (citing *Cel–Tech*, 973 P.2d at 527).

Here, Plaintiff claims that Defendants' business practices were unlawful in violation of Code of Civil Procedure § 3294[7] (Compl. ¶ 112) and unfair in violation of Civil Code § 1572[8] (*id.* ¶ 114). Plaintiff does not explain how Defendants violated these statutes nor did she bring a substantive claim based on either law. The Court is perplexed by Plaintiff's assertion that Defendants have violated California's procedural law authorizing punitive damages after a finding of malice, oppression, or fraud since there has been no such finding. To the extent that Plaintiff is using these statutes to claim that Defendants' conduct was fraudulent in violation of UCL, the Court has already found that Plaintiff failed to sufficiently plead her fraud claim as to Defendants BofA, Ocwen, and AWL.

As such, the Court **DISMISSES** Plaintiff's UCL cause of action for failure to state a claim against Defendants AWL, BofA, and Ocwen.

---

[7] California Code of Civil Procedure § 3294 authorizes punitive damages in cases where it is established by clear and convincing evidence that a defendant acted with fraud, oppression, or malice.

[8] California Civil Code § 1572 proscribes "actual fraud" in the inducement of a contract.

### H. Quiet Title Against BofA, Ocwen, and AWL

Finally, Plaintiff brings a claim against "all Defendants as to the Second Deed of Trust" for quiet title. A quiet title action is a statutory action that seeks to declare the rights of the parties in realty. Cal. Civ. Proc. Code § 760.020; *W. Aggregates, Inc. v. Cty. of Yuba*, 101 Cal. App. 4th 278, 305 (2002). The purpose of a quiet title action is to determine any adverse claim to the property that the defendant may assert, and to declare and define any interest held by the defendant. *Akley v. Bassett*, 68 Cal. App. 270, 287 (1924). Here, Plaintiff has failed to plausibly plead that Defendants Ocwen, AWL, and BofA made adverse claims to her property *vis a vis* the Second Deed. Instead, she alleges that Defendants Statebridge and WSFS claim to hold the Second Deed and intend to foreclose. Further, the Court notes that an action to quiet title is inappropriate where Plaintiff's intent is to obtain cancellation of an instrument that creates a cloud on her title as opposed to a determination of rights arising out of a mistake in the creation, execution, or recordation of an instrument. *See Robin v. Crowell*, 55 Cal. App. 5th 727, 741 (2020) ("A separate type of action is authorized to obtain cancellation of an instrument that creates a cloud on the plaintiff's title."); *compare* Cal. Civ. Proc. Code § 706.020, *with* Cal Civ. Code § 3412. Here, since Plaintiff requests a declaration "that there is no Second Deed of Trust encumbering her property," her action for quiet title is misplaced.

Therefore, the Court **DISMISSES** Plaintiff's claim for quiet title against Defendants BofA, Ocwen, and AWL.

//
//
//
//
//
//
//
//

– 14 –

21cv1977

## IV. CONCLUSION

For the reasons set forth in this Order, the Court **GRANTS IN FULL** Defendants' motions to dismiss (ECF Nos. 8, 23) and **DISMISSES WITHOUT PREJUDICE** each of Plaintiff's claims against Defendants Ocwen, BofA, and AWL. The Court **GRANTS** Plaintiff leave to amend her complaint to attempt to cure the pleading deficiencies noted by the Court in this Order. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend her complaint, she must file the amended complaint **no later than September 16, 2022**.

**IT IS SO ORDERED.**

**DATED: August 26, 2022**

Hon. Cynthia Bashant
United States District Judge