UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEREZ,<br><br>                  Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>                Defendants. | Case No. 21-cv-01977-BAS-LR<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF No. 40]** |

      Before the Court is Plaintiff's Ex Parte Application for a Temporary Restraining Order (ECF No. 40). Having considered the parties' filings and heard oral argument, the Court **DENIES** Plaintiff's Ex Parte Application for a Temporary Restraining Order.

**I.    BACKGROUND**

    **A.    Facts**

      Plaintiff owns a home located in Calexico, California. (FAC, ECF No. 35 ¶ 1.) In connection with the home purchase, Defendant America's Wholesale Lender issued Plaintiff two loans encumbered by two deeds of trust. (*Id.* ¶ 3.) In January 2009, Plaintiff stopped making monthly payments on the second deed, and in March 2009, she stopped making payments on the first deed. (*Id.* ¶ 8.) Nearly two years

later, in December 2011, Plaintiff filed for bankruptcy in the Southern District of California. (*Id.* ¶ 9.) After her bankruptcy proceedings ended, Defendant Bank of America, N.A. allegedly transferred both of Plaintiff's loans to Defendant Ocwen Loan Servicing ("Ocwen"). (*Id.* ¶ 17.) Plaintiff claims that in June of 2013, Ocwen modified both of her loans and told Plaintiff that she now had a single loan, for the current market value of her home, $59,500.00. (*Id.* ¶ 18.) Ocwen allegedly represented to Plaintiff that her second deed of trust had been written off, and that she no longer had to pay it. (*Id.* ¶¶ 18–19.) For ten years, Plaintiff made payments consistent with the single modified loan. (*Id.* ¶ 20.)

Then, in August 2021, Plaintiff received a letter from Defendant Statebridge Company, LLC claiming that the loan relating to the second deed would mature on March 2022, becoming due and payable at that time. (*Id.* ¶ 21.) A foreclosure sale is now scheduled for October 19, 2022. (ECF No. 40-1 at 2.)

**B.     Procedural Posture**

Plaintiff commenced this action on November 22, 2021. (ECF No. 1.) On the same day, Plaintiff filed her first Emergency Application for Temporary Restraining Order. (ECF No. 3.) The Court denied the Emergency Application for Temporary Restraining Order without prejudice, because Plaintiff failed to provide notice to Defendants or demonstrate why notice was impossible. (ECF No. 6.) On December 22, 2021, Defendants Bank of America, N.A. and America's Wholesale Lender filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 8.) On June 1, 2022, Defendant Ocwen Loan Servicing filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 23.) The Court granted both motions to dismiss and granted Plaintiff leave to amend her Complaint. (ECF No. 34.) Subsequently, Plaintiff filed her First Amended Complaint, and Defendant Ocwen Loan Servicing responded with another motion to dismiss for failure to state a claim under Rule 12(b)(6) (ECF No. 37). On October 14, 2022, before the motion to dismiss ripened, Plaintiff filed

a second Ex Parte Application for Temporary Restraining Order to restrain a foreclosure sale scheduled for October 19, 2022. (ECF No. 40.) The Court held oral argument on October 18, 2022. (ECF No. 41.)

## II.   LEGAL STANDARD

Rule 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is considered to be "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

## III.   ANALYSIS

Plaintiff fails to establish a likelihood of success on the merits. In her First Amended Complaint, Plaintiff alleges (1) fraud, (2) violations of the California Homeowner Bill of Rights, (3) breach of contract, (4) violation of Real Estate Settlement Procedures Act ("RESPA"), (5) violations of California's Rosenthal Act and the Fair Debt Collection Practices Act ("FDCPA"), and (6) violations of Section 17200 of California's Business and Professions Code ("UCL"). (FAC ¶¶ 38–87.) Plaintiff has not demonstrated a likelihood of success on the merits for any claim.

First, this Court previously dismissed Plaintiff's fraud claim because the initial Complaint failed to plead with requisite particularity under Rule 9(b). (ECF No. 34.) Plaintiff's counsel conceded at oral argument that the First Amended Complaint does not cure the deficiencies with respect to particularity. (ECF No. 47.) Therefore, there is no likelihood of success on the merits of Plaintiff's fraud claim.

Second, the Court previously found that the initial Complaint failed to state a claim for breach of contract because it did not establish the existence of an enforceable contract. (ECF No. 34.) The Court reasoned that an oral promise to modify a loan agreement is not an enforceable contract absent a writing. (*Id.*) The First Amended Complaint does not allege a written contract to terminate Plaintiff's junior loan. Therefore, Plaintiff is not likely to succeed on the merits of her breach of contract claim.

Third, Plaintiff conceded in oral argument that the California Homeowner Bill of Rights does not apply to junior loans, and therefore, is not applicable to the loan at issue. (ECF No. 47.)

Fourth, injunctive relief is not available under RESPA. *See Lopez v. Bank of Am., N.A.*, No. 10-cv-1859-IEG-JMA, 2010 WL 3636177, at *1 (S.D. Cal. Sept. 13, 2010) ("[T]he remedy for a violation of RESPA is monetary damages and costs, not injunctive relief."). Therefore, Plaintiff cannot premise the TRO on RESPA.

Fifth, injunctive relief is also not available under California's Rosenthal Act or under the FDCPA. *See Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 993 (N.D. Cal. 2014). Therefore, Plaintiff cannot premise the TRO on the Rosenthal Act or the FDCPA.

Finally, Plaintiff's claim under the UCL is predicated on her fraud claim. (FAC ¶ 81.) Because Plaintiff fails to establish a likelihood of success on the merits of her fraud claim, Plaintiff also fails to establish a likelihood of success on her UCL claim.

Plaintiff fails to demonstrate a likelihood of success on merits of any claim. As a result, the Court need not analyze the other *Winter* Factors. *See All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (providing that all four factors must be satisfied even under a sliding-scale analysis). Thus, Plaintiff has not carried her burden for a temporary restraining order.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Ex Parte Application for Temporary Restraining Order.

**IT IS SO ORDERED.**

DATED: October 18, 2022

Hon. Cynthia Bashant
United States District Judge