UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA PEREZ,<br><br>        Plaintiff,<br><br> v.<br><br>OCWEN LOAN SERVICING, et al.,<br><br>        Defendants. | Case No. 21-cv-01977-BAS-LR<br><br>**ORDER:**<br><br>**(1) EFFECTING PLAINTIFF'S NOTICE OF DISMISSAL OF NON-ANSWERING DEFENDANTS (ECF No. 58);**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO DISMISS ANSWERING DEFENDANTS (ECF No. 59);**<br><br>**(3) TERMINATING AS MOOT DEFENDANT OCWEN LOAN SERVICING'S MOTION TO DISMISS (ECF No. 37); AND**<br><br>**(4) GRANTING DEFENDANTS STATEBRIDGE COMPANY, LLC, WILMINGTON SAVINGS FUND SOCIETY, FSB, AND ZBS LAW, LLP'S MOTION TO DISMISS (ECF No. 52)** |

Before the Court are four filings. Having considered the parties' briefing, the Court: (1) **EFFECTS** Plaintiff's Notice of Voluntary Partial Dismissal against non-answering Defendants (ECF No. 58); (2) **DENIES** Plaintiff's Motion to Dismiss without prejudice answering Defendants (ECF No. 59); (3) **TERMINATES AS MOOT** Defendant Ocwen Loan Servicing's Motion to Dismiss (ECF No. 37); (4) **GRANTS** Defendants Statebridge Company, LLC, Wilmington Savings Fund Society, FSB, and ZBS Law, LLP's Motion to Dismiss (ECF No. 52).

## I.  BACKGROUND

### A.  Facts

Plaintiff bought a home located in Calexico, California. (FAC ¶ 1, ECF No. 35.) In connection with the home purchase, terminated Defendant America's Wholesale Lender issued Plaintiff two loans encumbered by two deeds of trust. (*Id.* ¶ 3.) In January 2009, Plaintiff stopped making monthly payments on the second deed, and in March 2009, she stopped making payments on the first deed. (*Id.* ¶ 8.) Nearly two years later, in December 2011, Plaintiff filed for bankruptcy in the Southern District of California. (*Id.* ¶ 9.) After her bankruptcy proceedings ended, terminated Defendant Bank of America, N.A. transferred both of Plaintiff's loans to Defendant Ocwen Loan Servicing ("Ocwen"). (*Id.* ¶ 17.) Plaintiff claims that in June 2013, Ocwen modified both of her loans and told Plaintiff that she now had a single loan for the current market value of her home, $59,500.00. (*Id.* ¶ 18.) Ocwen allegedly represented to Plaintiff that her second deed of trust had been written off, and that she no longer had to pay it. (*Id.* ¶¶ 18–19.) For ten years, Plaintiff made payments consistent with the single modified loan. (*Id.* ¶ 20.)

Then, in August 2021, Plaintiff received a letter from Defendant Statebridge Company, LLC claiming that the loan relating to the second deed would mature in March 2022, becoming due and payable at that time. (*Id.* ¶ 21.) Defendant Wilmington Savings Fund Society seemingly was assigned the deed of trust from the second loan (*id.* ¶ 25), and Defendant ZBS Law, LLP represents Defendant

Wilmington Savings Society, FSB (*id.* ¶ 23). A foreclosure sale occurred on October 19, 2022. (ECF No. 40-1 at 2.)

### B. Procedural Posture

Plaintiff commenced this action on November 22, 2021. (ECF No. 1.) On the same day, Plaintiff filed *ex parte* her first Application for Temporary Restraining Order ("TRO"). (ECF No. 3.) The Court denied the Application for TRO without prejudice, because Plaintiff failed to provide notice to Defendants or demonstrate why notice was impossible. (ECF No. 6.) On December 22, 2021, Defendants Bank of America, N.A. and America's Wholesale Lender filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 8.) On June 1, 2022, Defendant Ocwen filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 23.) The Court granted both motions to dismiss and granted Plaintiff leave to amend her Complaint. (ECF No. 34.) Subsequently, Plaintiff filed her First Amended Complaint, and Defendant Ocwen responded with its second Motion to Dismiss for failure to state a claim under Rule 12(b)(6) (ECF No. 37).

On October 14, 2022, before the motion to dismiss ripened, Plaintiff filed *ex parte* a second Application for TRO to restrain a foreclosure sale scheduled for October 19, 2022. (ECF No. 40.) The Court denied Plaintiff's second Application for TRO. (ECF No. 49.)

Defendants Statebridge Company, LLC, Wilmington Savings Fund Society, FSB, and ZBS Law, LLP subsequently filed their Motion to Dismiss. (ECF No. 52.) Plaintiff ultimately filed a Notice of Dismissal against non-answering Defendants (ECF No. 58) and a Motion to Dismiss answering Defendants (ECF No. 59).

## II. LEGAL STANDARD

### A. Dismissal Under Rule 41(a)

Under Rule 41(a)(1)(A), there are two ways for a plaintiff to voluntarily dismiss an action without a court order. First, she may file a notice of dismissal

before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Second, she may file a stipulation of dismissal signed by all parties who have appeared. *Id.* 41(a)(1)(A)(ii).

A plaintiff may also move for dismissal by court order. Rule 41(a)(2) states, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* 41(a)(2).

### B.  Dismissal Under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

A complaint must plead sufficient factual allegations to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court, however, need not accept conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.  ANALYSIS

### A.  Plaintiff's Notice of Dismissal Under Rule 41(a)(1)(A)

The Court first considers Plaintiff's two filings. First, Plaintiff filed a Notice of Dismissal against non-answering Defendants under Rule 41(a)(1)(A)(i). (ECF

No. 58.) Under Rule 41(a)(1)(A)(i), a plaintiff can file a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). A motion to dismiss for failure to state a claim does not preclude voluntary dismissal under Rule 41(a)(1)(A)(i). *See Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003). Under some circumstances, a court may construe a motion to dismiss under Rule 12(b)(6) as a motion for summary judgment—thereby foreclosing voluntary dismissal. *Id.* But unless and until the court takes some action to convert the motion to dismiss to a motion for summary judgment, a court must give effect to a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). *Id.*

In this case, all non-terminated Defendants have filed an answer except Defendant Ocwen. (ECF No. 20.) Defendant Ocwen has filed two motions to dismiss, but the Court has not taken action to convert either to a motion for summary judgment. (ECF No. 23; ECF No 37.) Therefore, the Court **GIVES EFFECT** to Plaintiff's Notice of Voluntary Dismissal against Defendant Ocwen.[1] Accordingly, the Court also **TERMINATES AS MOOT** Defendant Ocwen's Motion to Dismiss. (ECF No. 37.)

B.  **Plaintiff's Motion to Dismiss Under Rule 41(a)(2)**

Plaintiff also filed a Motion to Dismiss answering Defendants pursuant to Rule 41(a)(2).[2] (ECF No. 59.) Rule 41(a)(2) allows a plaintiff to request a dismissal "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court does not consider dismissal proper at this time. The parties and the Court have expended significant resources during this litigation. Two motions to dismiss

---

[1] The Ninth Circuit has acknowledged that this Rule could allow for forum-shopping but determined that argument "is one for the Rules Committee" and not for the courts. *Swedberg*, 339 F.3d at 1145.

[2] The caption of Plaintiff's Motion to Dismiss refers to Rule 41(a)(1)(A), but the argument focuses on Rule 41(a)(2). (ECF No. 59.) Rule 41(a)(1)(A) does not provide for dismissal of answering defendants without a stipulation signed by all parties. Fed. R. Civ. P. 41(a)(1)(A). Plaintiff's Motion to Dismiss is signed only by Plaintiff's counsel. Therefore, the Court cannot dismiss the action under Rule 41(a)(1)(A). The Court assumes Plaintiff intends to move under Rule 41(a)(2).

with prejudice have been fully briefed, and the Court has already granted a previous Motion to Dismiss and denied an Application for TRO. As a result, the Court does not find a dismissal without prejudice pursuant to Rule 41(a)(2) to be proper. Plaintiff's Motion to Dismiss is **DENIED**. (ECF No. 59.)

### C. Defendants' Motion to Dismiss Under Rule 12(b)(6)

Defendants Statebridge Company, LLC, Wilmington Savings Fund Society, FSB, and ZBS Law, LLP move to dismiss all claims against them. (ECF No. 52.) In her First Amended Complaint, Plaintiff alleges (1) fraud, (2) violations of Section 17200 of California's Business and Professions Code ("UCL"), (3) breach of contract, (4) violations of the Real Estate Settlement Procedures Act ("RESPA"), (5) violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and the Fair Debt Collection Practices Act ("FDCPA"), and (6) violations of the California Homeowner Bill of Rights. (FAC ¶¶ 38–87.)

#### 1. Fraud

Plaintiff has failed to plausibly state a fraud claim. To allege a claim for fraud, a plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). These allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

This Court previously dismissed Plaintiff's fraud claim because the initial Complaint failed to plead with requisite particularity under Rule 9(b). (ECF No. 34.) Plaintiff's First Amended Complaint ignores the Court's admonishment to "differentiate" her allegations against each defendant and "inform each defendant separately of the allegations surround his alleged participation in the fraud." (ECF No. 34 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).) It contains no new allegations regarding the puported fraud. (FAC; ECF No. 48.) Indeed, Plaintiff's counsel conceded at oral argument on Plaintiff's second

Application for TRO that the First Amended Complaint does not cure the initial Complaint's deficiencies with respect to particularity. (ECF No. 47.) Thus, for the reasoning included in the Court's Order granting Defendants' motions to dismiss (ECF No. 34), the Court **GRANTS** Defendants' present Motion to Dismiss with respect to Plaintiff's fraud claim.

### 2. California's Unfair Competition Law

Plaintiff's claim under the UCL is predicated on her fraud claim. (FAC ¶ 81.) Because Plaintiff's fraud claim fails, so too does her UCL claim. *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001), *as modified* (May 22, 2001) (holding California UCL claims "stand or fall depending on the fate of the antecedent substantive causes of action"). Thus, the Court **GRANTS** Defendants' Motion to Dismiss with respect to Plaintiff's UCL claim.

### 3. Breach of Contract and Real Estate Settlement Procedures Act

Plaintiff's breach of contract and Real Estate Settlement Procedures Act claims are alleged only against Defendant Ocwen. (FAC ¶¶ 54, 62.) The Court dismissed all claims against Defendant Ocwen *supra* and, therefore, these claims are dismissed in their entirety without prejudice.

### 4. Violations of the California Homeowner Bill of Rights

Plaintiff's California Homeowner Bill of Rights claim fails on the law. The California Homeowner Bill of Rights does not apply to junior loans. *See* Cal. Civ. Code § 2924.15. The loan at issue in this case is a junior loan. (FAC ¶¶ 3–4, 26, 46–53.) Indeed, Plaintiff's counsel conceded as much at oral argument on Plaintiff's Application for TRO. (ECF No. 47.) Therefore, the California Homeowner Bill of Rights does not apply, and the Court **GRANTS** Defendants' Motion to Dismiss with respect to this claim as well.

In her opposition, Plaintiff does not refute the law on junior loans but instead requests leave to amend "to identify exactly what statutes she sues under for this

cause of action which do apply to second position liens." (ECF No. 53 at 6.) Plaintiff does not indicate which statutes might apply to junior loans and has already had the opportunity to amend her pleadings. The Court denies Plaintiff's request for leave to amend.

### 5. Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act

Plaintiff's allegations are too vague to plausibly state an FDCPA or RFDCPA claim. This Court previously dismissed Plaintiff's FDCPA and RFDCPA claims because the initial Complaint failed to "plausibly plead, beyond a conclusory allegation, that Defendants are 'debt collectors' within the meaning of the FDCPA and RFDCPA." (ECF No. 34.) The First Amended Complaint added no additional allegations on this issue. (FAC; ECF No. 48.)  Accordingly, for the reasons stated in the Court's previous order, Plaintiff has failed to plausibly state a claim under the FDCPA or the RFDCPA.

## IV. CONCLUSION

For the foregoing reasons, the Court gives effect to Plaintiff's Notice of Voluntary Dismissal (ECF No. 58) and **ORDERS** the Clerk of Court to **DISMISS WITHOUT PREJUDICE** claims against Defendant Ocwen. The Court **GRANTS** Defendants Statebridge Company, LLC, Wilmington Savings Fund Society, FSB, and ZBS Law, LLP's Motion to Dismiss. (ECF No. 52.) Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims against Defendants Statebridge Company, LLC, Wilmington Savings Fund Society, FSB, and ZBS Law, LLP. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: April 21, 2023

Hon. Cynthia Bashant
United States District Judge